

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
UNITED STATES OF AMERICA,           :
                                    :
            -v-                     :      15 Cr. 727 (JSR)
                                    :
LILIAN JAKACKI, et al.,             :         ORDER
                                    :
            Defendants.             :
------------------------------------ x
```

JED S. RAKOFF, U.S.D.J.

On October 26, 2015, defendants Lilian Jakacki, Marcin Jakacki, Robert Cybulski, MW&W Global Enterprises, Inc. (d/b/a "Chopin Chemists") and European Apothecary, Inc. (d/b/a "Chopin Chemists") were indicted for their roles in an alleged oxycodone distribution scheme. On October 29, 2015, the individual defendants were presented before Magistrate Judge Francis, who ordered the defendants to be released on bail pending their satisfaction of various conditions. The defendants were arraigned before this Court on November 3, 2015. At that hearing, the Government renewed its argument that Ms. Jakacki and Mr. Jakacki should be detained pending trial and the Court heard argument from both the Government and defense counsel on this issue.

Upon consideration, the Court orders the detention of Marcin Jakacki, but not Lilian Jakacki. 18 U.S.C. § 3142(b) requires a court to order the pretrial release of a defendant "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." "If, after a hearing . . . the judicial officer finds that no condition or combination of conditions will reasonably assure the

1

appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e). The burden is on the Government to show by a preponderance of the evidence that the defendant presents an actual risk of flight and that no condition or combination of conditions could be imposed that would reasonably assure his or her presence in court. *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007). Pursuant to 18 U.S.C. § 3142(g), factors to be considered in conducting this inquiry include the nature and circumstances of the offense charged; the weight of the evidence against the person; the history and characteristics of the person, including the person's family ties, financial resources, and length of residence in the community; and the danger to the community posed by release.

The Government's argument for detention is premised on risk of flight. The Court agrees with the Government that Mr. Jakacki presents a meaningful flight risk for several reasons. First, he is charged in three counts with serious offenses that carry maximum sentences of up to 20 years in prison. ECF No. 2; *United States v. Martir*, 782 F.2d 1141, 1147 (2d Cir. 1986) (finding that maximum combined terms of 105 years imprisonment on charged offenses "created potent incentives to flee"). Second, according to counsel, Mr. Jakacki moved to the United States less than a decade ago from Poland, so his length of residence in the United States is relatively short. Moreover, his financial affidavit reveals that he has a son from a previous marriage who resides in Poland to whom he sends money on a monthly basis, evidencing family ties to Poland. Third, the

2

Indictment alleges that the Jakackis collected hundreds of thousands of dollars in proceeds from their charged conspiracy, ECF No. 2 at ¶ 3, which they used to purchase, among other things, a house valued at $2 million in Greenwich, Connecticut, *id.* ¶ 35. Ms. Jakacki stated on her financial affidavit that she does indeed own a $2 million home, as well as a recently purchased Porsche and Land Rover, demonstrating that Mr. Jakacki has access to significant financial resources and thus the wherewithal to flee. Moreover, while it would be premature for the Court to conduct a probing inquiry into the weight of the evidence against Mr. Jakacki based solely on the Indictment, the Court notes that the Indictment alleges significant evidence in the form of illegal sales of oxycodone to undercover agents and otherwise. Though the Court does not find that Mr. Jakacki presents a danger to the community if released, the Court determines, in light of the above findings, that there is no condition or combination of conditions that "will reasonably assure the appearance of [Mr. Jakacki]" at subsequent proceedings. 18 U.S.C. § 3142(e). As such, the Court, as is required by statute, hereby orders his detention.

In contrast to her husband, Ms. Jakacki is a U.S. citizen who, according to counsel, has lived in the United States for her entire life and has not travelled internationally in the last ten years. Her ties to Poland are far less significant than her husband's. Moreover, defense counsel represented at the November 3 hearing that Ms. Jakacki's sisters, among others, are co-signing her $1,000,000 bond, such that her flight would bring significant financial hardship upon her immediate family members. As such, the Court finds that the conditions imposed by

3

Magistrate Judge Francis will reasonably assure Ms. Jakacki's presence at subsequent proceedings and declines to order her detention.

Accordingly, and pursuant to 18 U.S.C. § 3142(i), Mr. Jakacki will remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Mr. Jakacki must also be afforded reasonable opportunity for private consultation with counsel. *Id.* Finally, on order of a U.S. court or on request of the Government, the person in charge of the corrections facility in which Mr. Jakacki is confined must deliver Mr. Jakacki to a U.S. marshal or another appropriate person for the purpose of an appearance in connection with a court proceeding in this case. *Id.*

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       November 4, 2015