```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,           :
                                    :
              -v-                   :      15 Cr. 727 (JSR)
                                    :
LILIAN JAKACKI, et al.,             :           ORDER
                                    :
              Defendants.           :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

      On October 26, 2015, defendants Lilian Jakacki, Marcin Jakacki, Robert Cybulski, MW&W Global Enterprises, Inc. (d/b/a "Chopin Chemists") and European Apothecary, Inc. (d/b/a "Chopin Chemists") were indicted for their roles in an alleged oxycodone distribution scheme. On October 29, 2015, the individual defendants were presented before Magistrate Judge Francis, who ordered the defendants to be released on bail pending their satisfaction of various conditions. The defendants were arraigned before this Court on November 3, 2015. At that hearing, the Government renewed its argument that Marcin Jakacki and Lilian Jakacki should be detained pending trial. Following the hearing, the Court issued an Order dated November 4, 2015, in which it found that there were no conditions that would reasonably assure the appearance of Marcin Jakacki at subsequent proceedings and thus ordered his detention.[1] ECF No. 15.

      Now before the Court is Marcin Jakacki's motion for reconsideration of the Court's detention decision. After hearing oral

---

[1] The Court declined to order Lilian Jakacki's detention, finding that she did not present a meaningful flight risk and that the conditions imposed by Magistrate Judge Francis would reasonably assure her presence at subsequent proceedings.

1

argument and upon consideration of the parties' arguments, the Court grants the motion and orders Marcin Jakacki to be released subject to and upon satisfaction of the conditions set forth below.

18 U.S.C. § 3142(b) requires a court to order the pretrial release of a defendant "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." In this case, pursuant to 18 U.S.C. § 3142(e)(3), Marcin Jakacki must overcome a rebuttable statutory presumption against bail because he is charged with an offense under the Controlled Substances Act carrying a statutory maximum of more than ten years. Marcin Jakacki thus "bears a limited burden of production — not a burden of persuasion — to rebut that presumption by coming forward with evidence that he does not pose a danger to the community or a risk of flight." *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001). "Such production does not eliminate the presumption; rather, the presumption remains a factor to be considered among those weighed by the court . . . . At all times, however, the government retains the ultimate burden of persuasion." *United States v. Artis*, 607 F. App'x 95, 96-97 (2d Cir. 2015) (internal quotation marks omitted).

As stated at oral argument, the Government is not alleging that Marcin Jakacki represents a danger to the community. The inquiry is therefore focused on flight risk. Pursuant to 18 U.S.C. § 3142(g), factors to be considered by the Court in conducting this inquiry include the nature and circumstances of the offense charged; the weight of the evidence against the person; and the history and characteristics of the person, including the person's family ties, financial resources, and length of residence in the community. Based on the information that Marcin Jakacki's new counsel has now proffered but that was not previously before the Court in any salient fashion, the Court, on reconsideration, now orders Jakacki's release pending trial, for several reasons, of which two may be particularly emphasized. First, while Jakacki is a Polish national with family in Poland, he has not returned to Poland since immigrating to the United States almost a decade ago and is reportedly estranged from his parents who live there. Though the Court noted in its November 4 Order that Jakacki has a son from a previous marriage who lives in Poland and whom Jakacki supports, Jakacki now clarifies that he rarely speaks to his son, has not seen him since he left Poland many years ago, and has simply provided Marcin's parents with a lump sum for them to provide financial support to his son at their discretion. Second, various members of the defendant's wife's family have now pledged significant financial and emotional support to him, even in spite of his reported infidelity, and have agreed to co-sign his bond. Their letters to the Court reveal that they consider the defendant to be a member of their family to whom they feel meaningfully connected. While the Government is correct that "the

relevant question is whether the potential financial ruin of his co-signers . . . will cause the defendant to abide by the conditions of his bail," Gov't Letter at 7, the defendant's in-laws' willingness to risk financial ruin on behalf of the defendant -- and their concomitant assessment that the defendant has no intention to flee -- is probative of the defendant's significant ties to the United States and his wife's family. In sum, the Court is persuaded that the defendant has far more significant ties to his wife's family in the United States than to his estranged family in Poland.

While the defendant faces substantial prison time if he is convicted, and while the Government alleges that it has a strong case against him, there is little about the defendant's history and characteristics to suggest that he presents an actual flight risk such that no conditions could reasonably assure the defendant's presence at subsequent proceedings. Here, the Court finds, there are conditions sufficiently onerous as to reasonably assure the defendant's presence. Those conditions are:

(1) a $1,000,000 personal recognizance bond, co-signed by five financially responsible persons and secured by real property, including the remaining $530,000 in equity in the defendant and his wife's Greenwich home and the remaining $470,000 in equity in his mother-in-law Jadwiga Wieckowski's home;

4

(2) surrender of all travel documents, with travel limited to the Southern District of New York and the District of Connecticut;[2]

(3) home detention, with the defendant required to remain at 106 Porchuck Road, Greenwich, Connecticut 06831, except as expressly permitted by Pretrial Services;

(4) electronic monitoring in a fashion suitable to Pretrial Services; and

(5) surrender of any firearms.

The defendant is not to be released until the aforesaid conditions are put in place.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       December 23, 2015

---

[2] The defendant is further prohibited from applying for any new travel documents during the pendency of this case.